IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Case No. 11 C 1482 |
| v. | ) ) | Judge Virginia M. Kendall |
| SEAN SAVELSBERG, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Sean Savelsberg ("Savelsberg") pled guilty and was sentenced for receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Savelsberg filed a Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Savelsberg's § 2255 Motion.

## BACKGROUND

The following factual background is based on the records in the underlying criminal proceedings including his guilty plea.[1] On May 26, 2006, Savelsberg received an image of child pornography, namely a video entitled "(Pthc) Vicky – The 107 Minutes Collection.mpeg." (R. 43 at 2.) This video had been transported to him via computer through interstate commerce. (*Id.*) Savelsberg used his computer to download the video from Limewire and he watched the entire video. (*Id.* at 2-3.) The video depicted minor females engaging in sexual acts with adult males. (*Id.* at 3.)

On June 4, 2007, Savelsberg pled guilty to Count II of the Indictment, receiving child pornography that had been transported through interstate commerce. (R. 43.) The Court sentenced

---

[1] The Court cites to the underlying criminal case, 06 CR 497, as "R." followed by the docket entry.

him to 97 months' imprisonment on August 30, 2007. (R. 48.) Savelsberg appealed his sentence to the Seventh Circuit, which dismissed the appeal as untimely on March 9, 2010. (R. 63.) Savelsberg filed his § 2255 Motion with this Court on March 2, 2011. (R. 1, 11 C 1482.) His motion sets forth one theory for relief: the government failed to follow-up on his offer to provide information about other criminal activity, which prevented him from receiving a reduced sentence under Federal Rule of Criminal Procedure 35 ("Rule 35").

## STANDARD OF REVIEW

Savelsberg is proceeding *pro se*, so the Court construes his filings broadly. *Kafo v. U.S.*, 467 F.3d 1063, 1066 (7th Cir. 2006). Section 2255 allows a prisoner convicted of a federal crime to move the district court that imposed the sentence to vacate, set aside, or correct the sentence, but this relief is only available in cases where there have been jurisdictional or constitutional errors that have caused a "complete miscarriage of justice." *Harris v. U.S.*, 366 F.3d 593, 594 (7th Cir. 2004). It is an "extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. U.S.*, 476 F.3d 518, 521 (7th Cir. 2007).

## DISCUSSION

### I. Timeliness

The government first contends that Savelsberg filed his motion more than a year after his conviction became final, which renders it untimely under 28 U.S.C. § 2255(f). The Antiterrorism and Effective Death Penalty Act of 1996 requires a petitioner to file a § 2255 motion within one year of the date when the "judgment of conviction becomes final." *Robinson v. U.S.*, 416 F.3d 645, 647

(7th Cir. 2005); *see* 28 U.S.C. § 2255(f)(1)-(4) (the latest of four dates begins the running of the one-year limitations period, but only (1), the date of final judgment, is relevant to this case).

Here, the Court sentenced Savelsberg and entered the judgment of conviction on August 30, 2007. Under Federal Rule of Appellate Procedure 4(b), Savelsberg had to file a notice of appeal within 14 days, or by September 13, 2007. He waited more than two years after this deadline—November 9, 2009—to file his notice of appeal, which the Seventh Circuit dismissed as untimely on March 3, 2010. Savelsberg let the deadline to appeal expire, so his conviction became final on September 13, 2007. By filing his § 2255 Motion on March 2, 2011, he far exceeded the one-year limitations period.

Savelsberg filed a notice of appeal seeking direct review of his conviction more than two years after entry of judgment and the Seventh Circuit dismissed it as untimely.[2] When a defendant files an untimely appeal, his or her conviction becomes final for the purpose of computing the one-year limitation period when the time to file the notice of appeal expired. *See, e.g., id.* at 388; *Kapral v. U.S.*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a *timely direct appeal* to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.") (emphasis added); *Aboulissan v. U.S.*, No. 03-CV-6214, 2008 WL 413781, at *2 n.2 (E.D. N.Y. Feb. 13, 2008) (when defendant filed late notice of appeal his judgment of conviction became final the day after the time to appeal expired). As such, Savelsberg's judgment of conviction became final in September 2007, and he filed his § 2255 Motion in March 2011, far beyond the one-year limitations period.

---

[2] This Court also denied Savelsberg's motions for a certificate of appealability, appointment of counsel, and to proceed on appeal *in forma pauperis*. Although it is unclear whether Savelsberg was proceeding under 28 U.S.C. § 2255 at the time, the Court nevertheless noted that his appeal and any § 2255 motion were both untimely.

Only the doctrine of equitable tolling can save Savelsberg's claim for relief. *Nolan v. U.S.*, 358 F.3d 480, 483 (7th Cir. 2004) (§ 2255 limitations period is not jurisdictional but rather a procedural rule subject to equitable tolling). If Savelsberg can establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance outside of his control stood in his way and prevented timely filing without any fault of his own, he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Robinson v. U.S.*, 416 F.3d 645, 651 n.1 (7th Cir. 2005) (courts grant equitable tolling "sparingly, where extraordinary circumstances beyond the litigant's control prevented timely filing"); *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir.2004). Here, Savelsberg cannot establish either element. He exceeded the limitations period by over two years, not just a few days, which by itself suggests he was not vigorously pursuing his rights. Nor are there any facts that suggest that this delay was due to an external force outside of Savelsberg's control. This is not the type of rare case where equitable tolling is appropriate.

## II. Reduced Sentence Under Fed. R. Crim. P. 35

Even assuming Savelsberg's § 2255 Motion is timely, it fails on the merits. Savelsberg argues that he was "not able" to help the government by providing information about other criminal activity that would have made him eligible for a sentence reduction under Rule 35. After sentencing, the government can move to reduce a defendant's sentence if the defendant has provided "substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b). While incarcerated, Savelsberg wrote letters to the government indicating that he had knowledge about drug dealing in Chicago. The government decided not to follow-up with him, partly because he is incarcerated in Kentucky and the government had no reason to believe he had reliable information about drug trafficking—after all, he was convicted for receiving child pornography. (R. 7 at 3.)

4

Savelsberg never provided the government any assistance; he is merely frustrated with the government for refusing to allow him to do so. The government has no obligation to pursue all offers of assistance; that is, it can reject good faith offers to cooperate if in its estimation the defendant cannot offer reliable, helpful information. *See, e.g., U.S. v. Billings*, 546 F.3d 472, 476 (7th Cir. 2008); *U.S. v. King*, 62 F.3d 891, 895 (7th Cir. 1995) ("Incarcerated defendants cannot, on balance, provide as much assistance as defendants who are free pending trial."). Savelsberg admits in his § 2255 Motion that he never provided the government any incriminating information about the criminal conduct of others. Because Savelsberg provided no assistance to the government, he was never eligible for a Rule 35 reduction and cannot now assert a § 2255 claim on that basis.

Courts provide § 2255 relief for jurisdictional or constitutional errors that result in a "complete miscarriage of justice." *Harris*, 366 F.3d at 594. In general, a defendant has no "constitutionally protected right" to a sentence reduction based on providing substantial assistance to the government; such a reduction is a matter of prosecutorial discretion. *U.S. v. Kelly*, 14 F.3d 1169, 1177 (7th Cir. 1994). Only if the government's decision not to file a Rule 35 motion is based on an "unconstitutional motive," such as the defendant's race or religion, or is not rationally related to any government end, can the defendant make such a challenge. *Bischel v. U.S.*, 32 F.3d 259, 263 (7th Cir. 1994); *Wade v. U.S.*, 504 U.S. 181, 185-86 (1992). Also, if the defendant detrimentally relies on the government's promise to make a Rule 35 motion, relief under § 2255 may be appropriate. *Bischel*, 32 F.3d at 264-65 (the defendant, claiming that incarceration was unconstitutional because he forfeited his appeal rights in reliance on the government's unfulfilled promise to make a Rule 35 motion, must present evidence that the government made such a promise). Here, Savelsberg's § 2255 Motion does not fall under any of these exceptions. He never

provided the government assistance, there was never a Rule 35 promise by the government. Nor did the government refuse to make a Rule 35 motion based on an impermissible, constitutionally suspect basis.

## III.     Certificate of Appealability

Finally, Rule 11(a) of the Rules Governing Section 2255 Proceedings requires that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court will issue such a certificate, however, "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983). Where, as here, the district court rejects a constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (relevant question is the "debatability of the underlying constitutional claim, not the resolution of that debate").

Because Savelsberg's arguments are contrary to the governing law, no reasonable jurist could find that he has presented a cognizable claim showing that a constitutional or jurisdictional error caused him a grave injustice. The Court therefore denies a certificate of appealability as to Savelsberg's § 2255 Motion.

## CONCLUSION AND ORDER

For these reasons, the Court denies Savelsberg's Motion to Vacate, Set Aside or Correct his sentence under 28 U.S.C. § 2255 and his request for a certificate of appealability.

```
_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois
```

Date: August 17, 2011